UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRIFFIN M. B., an Individual,[1]<br><br>Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,[2]<br><br>Defendant. | Case No.: 2:24-00056 ADS<br><br><br><br>MEMORANDUM OPINION AND ORDER |

I.  **INTRODUCTION**

Plaintiff Griffin M. B. ("Plaintiff") challenges the denial of his application for Supplemental Social Security Income ("SSI") benefits by Defendant Leland Dudek,

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.
[2] Leland Dudek became Acting Commissioner of Social Security on February 17, 2025. Under Federal Rule of Civil Procedure 25(d), he is automatically substituted for Martin O'Malley as Defendant in this suit.

Acting Commissioner of Social Security's (hereinafter "Commissioner" or "Defendant"). Plaintiff contends that (1) the Administrative Law Judge ("ALJ") failed to properly consider the mental assessments of the non-examining State Agency psychological and medical consultants, (2) the ALJ failed to provide a complete and proper assessment of Plaintiff's residual functional capacity ("RFC"), and (3) the ALJ failed to pose a complete hypothetical to the vocational expert ("VE"). (Dkt. No. 14, Plaintiff's Brief ("Pl. Br.").) For the reasons stated below, the decision of the Commissioner is affirmed, and this matter is dismissed with prejudice.

## II. FACTS RELEVANT TO THE APPEAL

A review of the record reflects certain facts relevant to this appeal. Plaintiff filed a claim for SSI benefits due to mild intellectual delay. (See Dkt. No. 9-3, Administrative Record ("AR") 56.) Plaintiff has a high school education and past work experience as a janitor, shoe store employee, and busboy/busser. (AR 283-284.) Plaintiff filed his application for SSI benefits on September 13, 2021, alleging a disability onset date of July 31, 1997.[3] (See AR 17-27, 149, 184.) Plaintiff's application was denied initially on March 2, 2022, and upon reconsideration on June 15, 2022. (AR 70, 86, 92-97, 101-06.) Plaintiff filed a written request for hearing on July 28, 2022. (AR 107-09.) A hearing was conducted by video teleconference before ALJ Elizabeth Lishner on March 23, 2023. (AR 32-34.) Plaintiff, represented by counsel, testified at the hearing. (AR 37-38, 40-51.) VE Timothy Farrell also testified. (AR 51-53.)

At the hearing, Plaintiff testified to the following: "[Plaintiff] thinks he can work. It's just no one has been hiring [him]." (AR 41.) Plaintiff was looking for "grocery jobs

---

[3] The application identifies Plaintiff's application date as September 22, 2021. (AR 184.) The discrepancy of application date in the record has no effect on the Court's analysis.

like cashiers" and previously held jobs as a janitor and seasonal shoe store employee. (AR 41-42.) As a seasonal shoe store employee, Plaintiff testified he had problems working a cash register "at first" but "after the week, [he] knew it like the back of [his] hand." (AR 43.) He testified he can lift about 50 pounds. (AR 42.) He further testified he does household chores, such as watering plants, pulling weeds, taking care of pets, taking out trash, and preparing meals. (Id.) He also testified he can take a bus by himself and handle money. (AR 44.) Plaintiff further testified he does not have a mental health counselor or therapist and is not receiving any treatment related to autism spectrum disorder. (AR 48.)

Plaintiff's mother's questionnaire provides details about Plaintiff's challenges. (AR 222-229.) Plaintiff's mother explains Plaintiff was born premature and spent 126 days in the NICU. (AR 222.) She states he has been diagnosed with a "mild mental delay" and can "perform daily rituals and routine" but "has no critical thinking." (Id.) Plaintiff's mother describes Plaintiff as having a "difficult time remembering directions, following multiple task directions." (AR 227.) She confirms he performs household chores. (AR 224, 227.)

The record reflects three mental assessments of Plaintiff provided by Drs. Sharokhi, Foster-Valdez, and Ying. (AR 55-69, 71-85, 280-295.) Dr. Sharokhi provided a detailed complete psychological evaluation of Plaintiff dated February 15, 2022. (AR 280-295.) Dr. Sharokhi administered four tests to Plaintiff in the evaluation: (1) Complete Psychological Evaluation, (2) Mental Status Examination, (3) Wechsler Adult Intelligence Scale, 4th edition, and (4) Wechsler Memory Scale, 4th edition. (AR 281.) Dr. Sharokhi concluded Plaintiff's intellectual functioning "appears to be in the high borderline to low average range." (AR 292.) Dr. Sharokhi further concluded

Plaintiff presents "with the ability to understand, remember, and carry out short, simple instructions" and "with the moderately [sic] ability to understand, remember and carry out detailed instructions." (Id.)  Non-examining State Agency psychological and medical consultants Drs. Foster-Valdez and Ying reached identical conclusions that Plaintiff should be able:

> To understand, carry out, and remember simple instructions (e.g., understanding and learning terms, instructions, and procedures; maintaining attention/concentration for approximately 2 hour blocks; understanding, carrying out, & remembering 1 to 2 step instructions; recognizing a mistake and correcting it; being able to work consistently and at a reasonable pace for approximately 2 hour segments between arrival, first break, lunch, second break, and departure; attending work regularly without excessive early departures or absences during the typical 8 hour per day 5 days per week or equivalent schedule); to make simple judgments and work-related decisions; to respond appropriately to supervision, coworkers and work situations (e.g., asking simple questions or requesting assistance, accepting instructions, responding appropriately to criticism from supervisors, cooperating with others, appropriately handling disagreements with others, not distracting others or exhibiting behavioral extremes); and to deal with changes in a routine work setting.

(AR 66, 82.)  VE Timothy Farrell testified at the hearing.  The ALJ asked VE Timothy Farrell what occupations a hypothetical individual with the same age, education, experience as Plaintiff with no exertional limitations who can do simple, repetitive tasks could perform.  (AR 51.)  VE Timothy Farrell testified such an individual could perform the occupation of hand packager, kitchen helper, cleaner – laboratory equipment, and cook helper.  (Id.)  In removing assembly line work from the hypothetical, VE Timothy Farrell testified such an individual could perform the occupation of kitchen helper, cleaner – laboratory equipment, and cook helper.  (Id.)

## III.   PROCEEDINGS BELOW

On May 17, 2023, the ALJ found Plaintiff was not disabled within the meaning of the Social Security Act. (AR 27.) The ALJ followed the required five-step sequential evaluation process under the Social Security Act to assess whether Plaintiff was disabled.[4] See 20 C.F.R. § 404.1520(a). At **step one**, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since September 13, 2021, the application date. (AR 19.) At **step two**, the ALJ found that Plaintiff had the following severe impairments: borderline intellectual functioning. (AR 20.)

At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). (AR 20.) The ALJ then found that Plaintiff had the RFC[5] to "perform a full range of work at all exertional levels but with the following non-exertional limitations: he is limited to simple repetitive tasks; he is precluded from assembly line work; and he can tolerate occasional changes in the work setting." (AR 21.)

---

[4] The ALJ follows a five-step sequential evaluation process to assess whether a claimant is disabled: Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two. Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate. Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four. Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five. Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled. Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1996) (as amended).

[5] An RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).

1    At **step four**, the ALJ found Plaintiff has no past relevant work.  (AR 25.)  At

2 **step five**, considering Plaintiff's age, education, work experience, and RFC, the ALJ

3 found that there were jobs existing in significant numbers in the national economy that

4 Plaintiff could perform, including representative occupations such as cook helper,

5 kitchen helper, and cleaner — lab equipment.  (AR 24-25.)  Accordingly, the ALJ

6 determined that Plaintiff has not been under a disability since September 13, 2021, the

7 date the application was filed.  (AR 26.)

8    The ALJ's decision became the Commissioner's final decision when the Appeals

9 Council denied Plaintiff's request for review on November 3, 2023.  (AR 1-6.)  Plaintiff

10 then filed this action in District Court on January 3, 2024, challenging the ALJ's

11 decision.  (Dkt. No. 1, Compl.)

12    On March 5, 2024, Defendant filed an Answer, as well as a copy of the

13 Administrative Record.  (Dkt. No. 9, AR.)  Plaintiff filed an opening brief on

14 May 9, 2024.  (Dkt. No. 14, Pl. Br.)  Defendant filed an opposition to Plaintiff's opening

15 brief on June 10, 2024.  (Dkt. No. 16, Defendant's Opposition Brief ("D. Opp. Br.").)

16 Plaintiff filed a reply brief on June 24, 2024.  (Dkt. No. 17, Plaintiff's Reply Brief ("Pl. R.

17 Br.").)  The case is ready for decision.[6]

18 **IV.   ANALYSIS**

19    Plaintiff raises the following issues for review: (1) whether the ALJ properly

20 considered the mental assessments of two non-examining State Agency psychological

21 and medical consultants; (2) whether the ALJ provided a complete and proper

---

[6] The parties filed consents to proceed before a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), including for entry of final Judgment. (Dkt. Nos. 8, 10.)

assessment of the Plaintiff's RFC; and (3) whether the ALJ posed a complete hypothetical question to the VE.  (See Pl. Br. 2-11.)

### A. Standard of Review

A United States District Court may review the Commissioner's decision to deny benefits pursuant to 42 U.S.C. § 405(g).  The District Court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied.  Mayes v. Massanari, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended).  An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).  The District Court is not a trier of the facts but is confined to ascertaining by the record before it if the Commissioner's decision is based upon substantial evidence.  Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014) (citing Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)).

### B. The ALJ Properly Considered the Mental Assessments

Plaintiff asserts the ALJ did not properly consider the mental assessments provided by Drs. Foster-Valdez and Ying, because Plaintiff's RFC omits part of the doctors' opinions.  (Pl. Br. 3.)  Defendant argues the ALJ properly synthesized Drs. Foster-Valdez and Ying's findings into Plaintiff's RFC.  (D. Opp. Br. 5.)

#### 1. Legal Standard for Considering Mental Assessments

As Plaintiff filed his application for SSI benefits on September 13, 2021, the regulations effective as of March 27, 2017 apply to the ALJ's evaluation of Plaintiff's

claim.[7] These regulations essentially remove the hierarchy of medical opinions (e.g., particularized procedures for consideration of opinions from treating sources). Instead, the ALJ focuses on the persuasiveness of the medical opinion or prior administrative medical findings using the following five factors: (1) supportability; (2) consistency; (3) relationship with the claimant, which includes: (i) length of the treatment relationship, (ii) frequency of examinations, (iii) purpose of the treatment relationship, (iv) extent of the treatment relationship, (iv) extent of the treatment relationship, and (v) examining relationship; (4) specialization; and (5) other factors. 20 C.F.R. § 416.920c(a)-(c).

The ALJ must explain how he or she considered the factors of "supportability" and "consistency," which are the two most important factors in determining the persuasiveness of a medical source's medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). In other words, the ALJ is to explain how persuasive he or she finds a medical opinion and/or a prior administrative medical finding based on these two factors. Id. The ALJ may but is not required to explain how he or she considered the remaining factors, unless the ALJ finds that two or more medical opinions or prior administrative findings about the same issue are both equally well-supported and consistent with the record, but not identical. 20 C.F.R. § 416.920c(b)(3).

The ALJ need not discuss every piece of evidence in the record. See Vincent ex rel. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (holding ALJ's failure to

---

[7] On January 18, 2017, the agency published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence." 82 Fed. Reg. 5844. These rules became effective as of March 27, 2017.

discuss a controverted medical opinion did not require reversal). Rather, the ALJ "must explain why significant probative evidence has been rejected." Id.; see also Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003).

### 2. The ALJ Properly Assessed Drs. Foster-Valdez and Ying's Opinions

Non-examining State Agency psychologist and medical consultants Drs. Foster-Valdez and Ying each provided a Mental Residual Functional Capacity ("MRFC") assessment of Plaintiff. (AR 55-69, 71-85.) Drs. Foster-Valdez and Ying reached identical conclusions. (AR 66, 82.) As pertinent to Plaintiff's arguments, they concluded:

> Cl[aimant] should be able to meet the following criteria on a sustained basis in a competitive, remunerative work context: To understand, carry out, and remember simple instructions (e.g., understanding and learning terms, instructions, and procedures; maintaining attention/concentration for approximately 2 hours blocks; **understanding, carrying out, & remembering 1 to 2 step instructions**; recognizing a mistake and correcting it; being able to work consistently and at a reasonable pace for approximately 2 hour segments between arrival, first break, lunch, second break, and departure; attending work regularly without excessive early departures or absences during the typical 8 hour per day 5 days per week or equivalent schedule). . . .

(Id. (emphasis added).) The ALJ found the opinions of Drs. Foster-Valdez and Ying to be "persuasive." (AR 25.) The ALJ reasoned these opinions "essentially adopted the conclusions of Dr. Sharokhi," and "are consistent with the other evidence in the record."[8] (Id.)

---

[8] Dr. Sharokhi concluded Plaintiff presents "with the ability to understand, remember and carry out short, simple instructions" and "with the moderately [sic] ability to understand, remember and carry out detailed instructions, per presentation, clinical observations, and considered reported employment history." (AR 292.)

     Here, the ALJ discussed the supportability and consistency of Drs. Foster-Valdez and Ying's mental assessments of Plaintiff. (AR 25.) While the ALJ did not specifically address Drs. Foster-Valdez and Ying's statement that Plaintiff should be able to understand, carry out, and remember 1 to 2 step instructions, the ALJ reasonably considered Drs. Foster-Valdez and Ying's opinions as persuasive. (Id.) The ALJ explained that Drs. Foster-Valdez and Ying's opinions were supported by Dr. Sharokhi's opinion and were consistent with the other evidence in the record. (Id.) Moreover, the ALJ did not err in failing to discuss some of the details in Drs. Foster-Valdez and Ying's mental assessments, as the ALJ's determination that Drs. Foster-Valdez and Ying's opinions "essentially adopted" Dr. Sharokhi's opinion seems reasonable. Compare (AR 66, 82 (Drs. Foster-Valdez and Ying conclude Plaintiff can "understand, carry out, and remember simple instructions")) with (AR 292) (Dr. Sharokhi concludes Plaintiff has "the ability to understand, remember and carry out short, simple instructions")). Nothing more is required. See 20 C.F.R. § 416.920c(b)(2) (ALJ must only address supportability and consistency factors); Vincent, 739 F.2d at 1394-95 (holding ALJ's failure to discuss a controverted medical opinion did not require reversal). Thus, the Court finds the ALJ properly considered the mental assessments provided by Drs. Foster-Valdez and Ying.

     **C.    Plaintiff's RFC Is Supported by Substantial Evidence**

     Plaintiff contends that the ALJ erred by failing to incorporate a limitation assessed by Drs. Foster-Valdez and Ying in Plaintiff's RFC. (Pl. Br. 6-8.) Specifically, Plaintiff asserts that the ALJ's RFC assessment fails to account for Drs. Foster-Valdez and Ying's opinions that Plaintiff "should be able to. . . understand[], carry out[], [and] remember[] 1 to 2 step instructions." (Pl. Br. 7; AR 66, 82.) Defendant responds that

ALJ properly synthesized Drs. Foster-Valdez and Ying's opinions, and that the RFC is consistent with the most Plaintiff is capable of doing.  (D. Opp. Br. 4.)

### 1. Legal Standard for Evaluating RFC

An RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p; see also 20 C.F.R. § 404.1545(a).  In formulating the RFC, the ALJ must account for all the claimant's medically determinable impairments, including those that are not "severe," and evaluate "all of the relevant medical and other evidence."  Id.; see also Valentine v. Comm'r Social Sec. Admin., 574 F.3d 685, 690 (holding that "an RFC that fails to take into account a claimant's limitations is defective"); Hill v. Astrue, 698 F.3d 1153, 1161-62 (9th Cir. 2012) (explaining it is error to assess an incomplete RFC that ignores "significant and probative evidence").

An RFC assessment is ultimately an administrative finding reserved to the Commissioner.  See 20 C.F.R. § 404.1546(c).  The RFC does not need to directly correspond to a specific medical opinion; rather, "the ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." Rounds v. Comm'r of Soc. Sec. Admin., 807 F.3d 996, 1006 (9th Cir. 2015); see also Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008) (noting the ALJ's responsibility to weigh conflicting medical evidence and translate accepted medical opinions into "concrete restrictions").  The ALJ's RFC assessment should be affirmed if the ALJ applied the proper legal standard and the decision is supported by substantial evidence in the record.  See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005).

2. <u>The ALJ Properly Assessed Plaintiff's RFC</u>

In setting forth her assessed RFC of Plaintiff, the ALJ confirmed she "considered all the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 C.F.R. § 416.920c." (AR 21.) The ALJ's decision analyzes Dr. Sharokhi's mental assessment, Drs. Foster-Valdez and Ying's mental assessments, Plaintiff's hearing testimony, and Plaintiff's mother's testimony in the form of a completed questionnaire. (AR 21-25.) As to Drs. Foster-Valdez and Ying's opinions, she specifically stated:

> The State Agency twice reviewed the claimant's case – in March 2022, and again in June 2022 (Exhibits 1A and 3A). Both times, the impairment of borderline intellectual functioning was determined to be severe. In June 2022, the claimant also was determined to have a severe intellectual disorder. He was assessed to have no significant limitation in his ability to perform simple tasks, and a moderate limitation in his ability to perform detailed or complex tasks.
>
> The undersigned finds Exhibits 1A and 3A to be persuasive. The State Agency essentially adopted the conclusions of Dr. Sharokhi. Additionally, the assessments are consistent with the other evidence in the record, summarized above.

(AR 25.) The ALJ concluded Plaintiff has the RFC to "perform a full range of work at all exertional levels but with the following non-exertional limitations: he is limited to simple repetitive tasks; he is precluded from assembly line work; and he can tolerate occasional changes in the work setting." (AR 21.)

Here, the ALJ did not omit Drs. Foster-Valdez and Ying's opinions as Plaintiff contends. The ALJ found persuasive that Drs. Foster-Valdez and Ying's opinions were consistent with Dr. Sharokhi's opinion and the other evidence in the record, in assessing Plaintiff's RFC to include a limitation to "simple repetitive tasks." (AR 21, 25.) The

Court finds no error by the ALJ in adequately incorporating Drs. Foster-Valdez and Ying's opinions into Plaintiff's RFC.

### E. The ALJ Posed a Complete Hypothetical Question to the VE

In arguing the ALJ's hypothetical was incomplete, Plaintiff restates his argument that the ALJ's RFC did not account for all his limitations because the ALJ improperly omitted Drs. Foster-Valdez and Ying's opinions that Plaintiff is capable of "understanding, carrying out, & remembering 1 to 2 step instructions." (Pl. Br. 8-11.) As discussed above, the Court finds the ALJ did not omit Drs. Foster-Valdez and Ying's opinions but rather adequately incorporated them in Plaintiff's RFC. The Court similarly finds the ALJ's hypothetical question to the VE was complete.

### V. CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED, and the action is DISMISSED with prejudice. Judgment shall be entered accordingly.

DATED: 03/14/2025

                                                /s/ Autumn D. Spaeth
                                  THE HONORABLE AUTUMN D. SPAETH
                                  United States Magistrate Judge